**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER CIVITELLO,

    Plaintiff,

  v.

FIRST CREDIT OF AMERICA, INC.,

    Defendant.
                                       /

No. C 05-04944 WHA

**FINAL CHARGE TO THE JURY**
**AND SPECIAL VERDICT FORM**

1.

Members of the jury, now that you have heard all the evidence and arguments by counsel, it is my duty to instruct you on the law. A copy of these instructions will be available in the jury room.

It is your duty to find the facts from all the evidence in the case. To those facts, you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence and law, as you swore to do at the beginning of the case. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2. The exhibits which have been received into evidence;

3. The sworn testimony of witnesses in depositions, read into evidence; and

4. Any facts to which the lawyers have stipulated. You must treat any stipulated facts as having been conclusively proved.

3.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. You should consider both kinds of evidence. It is for you to decide how much weight to give to any evidence.

4.

In reaching your verdict, you may consider only the types of evidence I have described. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

    1.    Arguments, statements, and objections by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

    2.    A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

    3.    Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

    4.    Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

    1.    The opportunity and ability of the witness to see or hear or know the things testified to;

    2.    The witness' memory;

    3.    The witness' manner while testifying;

    4.    The witness' interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness' testimony;

6. The reasonableness of the witness' testimony in light of all the evidence; and

7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence.

6.

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact.

7.

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

8.

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited. Inability to recall and innocent misrecollection are common. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

4

9.

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, or officers performed within the scope of authority.

10.

In these instructions, I will often refer to a party's "burden of proof."  Let me explain what that means.  When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side.  If the party fails to meet this burden, then the party with the burden of proof loses on that issue.  Preponderance of the evidence basically means "more likely than not."

11.

I will now turn to the law that applies to this case.  *First,* I will give you a brief summary of the claims and defenses at issue in this case.  Plaintiff Christopher Civitello seeks a declaration that 1st Credit violated the Fair Debt Collection Practices Act.  Mr. Civitello also seeks to recover damages based on four different claims.  Mr. Civitello's first through fourth claims are for violations of the Fair Debt Collection Practices Act.

12.

In determining whether 1st Credit violated the Fair Debt Collection Practices Act, you are to evaluate the claims under the least-sophisticated-consumer standard.  The least-sophisticated-consumer standard reflects the important balance between the need to protect consumers from deceptive and abusive collection practices and the need to protect the debt collectors from liability based upon unreasonable interpretations of collection communications.  This is an objective standard.  In evaluating the Fair Debt Collection Practices Act claims, you

are to view the conduct and communications from the perspective of the least sophisticated consumer. For any claim of harassment, you are to use the perspective of a consumer whose circumstances make him or her relatively more susceptible to harassment, oppression, or abuse.

13.

In Mr. Civitello's first claim, he seeks to recover damages from 1st Credit for violating Section 1692c(a)(1) of the Fair Debt Collection Practices Act. Mr. Civitello must prove by a preponderance of the evidence:

1. That 1st Credit communicated with Mr. Civitello in connection with the collection of a debt;
2. That this communication took place at an unusual time or a time that 1st Credit knew or should have known to be inconvenient to Mr. Civitello; and
3. That Mr. Civitello did not give prior consent to the communication.

A "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium. Examples of communications include but are not limited to letters, telephone calls, automated messages, messages left on answering machines, and voice mail messages.

14.

Mr. Civitello's second claim is that 1st Credit violated Section 1692e(8) of the Fair Debt Collection Practices Act. The elements of this claim, which Mr. Civitello must prove by a preponderance of the evidence, are:

1. That 1st Credit communicated or threatened to communicate to any person credit information; and
2. That 1st Credit knew or should have known that this credit information was false.

15.

Mr. Civitello's third claim is that 1st Credit violated Section 1692f(1) of the Fair Debt Collection Practices Act. The elements of such a claim, which Mr. Civitello must prove by a preponderance of the evidence, are:

1. That 1st Credit attempted to collect a debt from Mr. Civitello;

6

  2.  That 1st Credit attempted to collect an amount greater than the principal; and

  3.  That the additional amount was not expressly authorized by the agreement that created the debt or the amount was not permitted by law.

As to the first element, the parties have stipulated that 1st Credit attempted to collect a debt from Mr. Civitello. "Amount" means any interest, fee, charge, or expense incidental to the principal obligation. As to the third element, "permitted by law" means that there is a law that affirmatively authorizes the collection of the additional amount.

16.

Mr. Civitello's fourth claim is that 1st Credit violated Section 1692d of the Fair Debt Collection Practices Act. Mr. Civitello must prove by a preponderance of the evidence that in connection with the collection of a debt, 1st Credit engaged in a course of conduct toward Mr. Civitello, the natural consequence of which was to harass, oppress, or abuse Mr. Civitello.

Examples of such a course of conduct include but are not limited to: (1) the use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person; (2) the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader; (3) the publication of a list of consumers who refuse to pay debts, except to a consumer reporting agency; (4) the advertisement for sale of any debt to coerce payment of the debt; (5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; or (6) the placement of telephone calls without meaningful disclosure of the caller's identity, except for the purpose of acquiring location information about the consumer.

17.

For any of the above claims, if you find that each element on which Mr. Civitello has the burden of proof has been proved, your verdict should be for Mr. Civitello on that claim, unless you find that 1st Credit has proved its affirmative defense, in which event your verdict should be for 1st Credit. I will now explain to you the affirmative defense asserted by 1st Credit.

7

18.

1st Credit asserts the defense of bona-fide error. The bona-fide error defense is a statutory defense included in the Fair Debt Collection Practices Act. If you have found that Mr. Civitello has proven all elements of any claim by a preponderance of evidence, you must then decide if 1st Credit has proven the affirmative defense of bona-fide error for each of those claims. 1st Credit must prove by a preponderance of the evidence all of the following:

1. That the violation was not intentional;
2. That 1st Credit maintained procedures reasonably adapted to prevent errors such as the ones that you have found to have occurred; and
3. That the violation occurred despite those procedures.

A "bona-fide error" does not include mistakes of law or reliance on the advice of counsel. If you find that 1st Credit has proven the elements of the bona-fide error defense by a preponderance of the evidence you must find in favor of 1st Credit and against Mr. Civitello as to the alleged violation.

19.

That concludes the instruction on the issue of liability. Now I will discuss the issue of damages. It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. The party seeking damages has the burden of proving damages by a preponderance of the evidence.

20.

You are not permitted to include speculative damages, which means compensation for future loss or harm which, although possible, is conjectural or not reasonably certain. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture. However, if you determine that a party is entitled to recover, you should compensate a party for the loss or harm caused by the injury in question which the evidence shows is reasonably certain to be suffered in the future.

21.

If you find that Mr. Civitello proved that 1st Credit is liable for violating the Fair Debt Collection Practices Act, you must determine his damages. The Fair Debt Collection Practices Act specifically permits damages to be awarded against the debt collector who violates the Fair Debt Collection Practices Act.

Actual damages may be awarded to Mr. Civitello as a result of the failure of 1st Credit to comply with the Fair Debt Collection Practices Act. Actual damages may include damages for adverse health effects, embarrassment, or emotional distress. In order for Mr. Civitello to recover actual damages, Mr. Civitello has the burden of demonstrating by a preponderance of the evidence that he suffered actual damages as a result of 1st Credit's failure to comply with a requirement of the Fair Debt Collection Practices Act.

To recover damages for emotional distress, Mr. Civitello must prove, and you must unanimously find, that the emotional distress suffered by Mr. Civitello was more than temporary distress or discomfort of the type that would be expected during the normal attempt to collect a debt. The law recognizes that a certain amount of inconvenience, embarrassment, and annoyance are the natural consequences of debt collection.

The Fair Debt Collection Practices Act is not intended to shield the recipients of debt collection efforts from the inconvenience and embarrassment that are the natural consequences of receiving a call from a debt collector. The Fair Debt Collection Practices Act does not prohibit debt collectors from making non-abusive statements designed to encourage voluntary payment.

There is no fixed standard or measure in the case of intangible items such as adverse health effects, stress, or emotional distress. If you determine that Mr. Civitello has suffered such damage, you must determine a fair and adequate award of these items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

9

22.

In determining the measure of damages, you should consider:

1.     The loss of enjoyment of life experienced; and

2.     The mental, physical, or emotional pain and suffering experienced.

23.

In addition to actual damages, and regardless of whether actual damages are awarded, you may award statutory damages for violation of the Fair Debt Collection Practices Act in a total amount not exceeding $1,000.  In determining the amount of statutory damages to be awarded you shall consider, among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional.

24.

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict as to each claim and as to damages, if any, must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations.  However, you do not need to address the questions in the precise order listed.

25.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.  When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberations.

26.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

1. All of the exhibits received into evidence;
2. A work copy of these jury instructions for each of you;
3. A work copy of the verdict form for each of you; and
4. An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

27.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.

28.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

It is very important that you let the Clerk know in advance, through the Marshall, what hours you will be deliberating so that the lawyers may be present in the courthouse at any time the jury is deliberating.

29.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

30.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court, through the Marshall, that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: February 13, 2007

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE