IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CIVITELLO,<br><br>Plaintiff,<br><br>v.<br><br>1ST CREDIT OF AMERICA, LLC,<br><br>Defendant.<br>_____ / | No. C 05-04944 WHA<br><br>**ORDER AWARDING ATTORNEY'S FEES AND GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW** |

In the post-trial phase of this Fair Debt Collection Practices Act action, the issue of plaintiff's attorney's fees remain, as well as whether defendant's counsel may withdraw. On February 14, 2007, a jury returned a verdict in favor of plaintiff Christopher Civitello and against defendant 1st Credit awarding actual and statutory damages totaling $3240.80. Final judgment was entered that day. Plaintiff's post-trial motion for attorney's fees was granted and an order was issued on April 2 directing plaintiff's counsel to file a detailed declaration regarding his services. Plaintiff's counsel timely filed his declaration and defendant's counsel timely filed an opposition. Pursuant to the order, the parties were directed to meet and confer to try to resolve all differences in the amount. If no agreement was reached, the matter would then be referred to a special master.

Defendant has frustrated the entire process set forth by the Court by not paying its own attorneys and insulating itself from communications. This has impeded any ability to complete the process. The Court will therefore grant plaintiff the full amount requested, $98,924. The

Court has considered whether there should be a reduction in fees because of the comparatively small verdict. The Court, however, is unwilling on this record to reduce the amount of fees because there is no basis to assume that plaintiff held out for an unreasonable settlement. Indeed it appears that it was defendant who necessitated a trial. In the motion for attorney's fees plaintiff's counsel alleged: "[O]n the eve of trial Plaintiff tendered an offer of $7,500 plus reasonable attorney fees and costs. Defendant countered with a request for dismissal. Plaintiff was forced to try the case in light of Defendant's continuous refusal to make a reasonable offer" (Br. 2). Defendant could have made a Rule 68 offer of judgment but failed to do so.

The Court has reviewed the amount of fees and the declarations filed in support of and in opposition to the request for fees. The Court has observed first hand the efficient manner with which Mr. Fagan tried the case and finds that to be good evidence that the rest of the case was efficiently prepared. Defendants **SHALL PAY** plaintiffs $98,924 in attorneys' fees

There being nothing left to do in this case, the motion by Wineberg, Simmonds, & Narita LLP to withdraw as counsel is **GRANTED**. Mr. Narita shall serve a copy of this order on his client. Defendant is admonished that, being a corporation, it may only appear in this Court or before the court of appeals through counsel. Any attempt to appeal any part of this case will have to be through counsel and not *pro se*.

**IT IS SO ORDERED.**

Dated: May 21, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2